UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DALE ROBERT JAVINO, and other victims :
Whom will be gleaned through discovery, :
                                                 :   MEMORANDUM AND ORDER
                    Plaintiff(s), :   13-CV-1951 (WFK) (ETB)
                                                   :
    -against- :

MARC A. PERGAMENT, WEINBERG :
GROSS & PERGAMENT LLP, AND OTHERS :
WHOM WILL BE GLEANED THROUGH :
DISCOVERY, :
                                                     :
                    Defendants. :
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge**

Plaintiff initiated this action by filing a complaint in this Court on April 3, 2013. On April 30, 2013, Plaintiff moved this court for an order to show cause why a Temporary Restraining Order should not issue restraining Marc A. Pergament, the trustee in a corporate bankruptcy case concerning American Land Acquisition Corporation currently pending before Judge Alan S. Trust, and Mr. Pergmanet's law firm, Weinberg Gross & Pergament LLP, from taking possession of, selling, or transferring the deed to land of which Plaintiff claims he is the owner.

Rule 65(b) of the Federal Rules of Civil Procedure authorizes a court to issue a TRO. The standards for granting a TRO are the same as those governing preliminary injunctions. *AFA Dispensing Grp. B.V. v. Anheuser–Busch, Inc.*, 740 F. Supp. 2d 465, 471 (S.D.N.Y. 2010) (Marrero, J.).

1

To be entitled to a Temporary Restraining Order in this Circuit, a party must demonstrate: "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *Cnty. of Nassau, N.Y. v. Leavitt*, 524 F.3d 408, 414 (2d Cir. 2008). Of these factors, "[a] showing of irreparable harm is 'the single most important prerequisite for the issuance of a preliminary injunction." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (internal quotation marks omitted). "To satisfy the irreparable harm requirement, Plaintiffs must demonstrate that absent a preliminary injunction they will suffer 'an injury that is neither remote nor speculative, but actual and imminent,' and one that cannot be remedied 'if a court waits until the end of trial to resolve the harm.'" *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007). "Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances." *Faiveley Transp.*, 559 F.3d at 118.

In this case, Plaintiff has provided no evidence as to why a grant of monetary damages would not remedy any harm he would suffer from the sale of his real property if he were to prevail in this action or on appeal from the bankruptcy case. Indeed, many courts have held that, absent special circumstances, the sale of commercial property does not create an irreparable harm, since any harm due to the sale of the property or interference with the business can be remedied with monetary damages. *See, e.g., In re Taub*, 470 B.R. 273, 278 (E.D.N.Y. 2012) (Kuntz, J.); *Dexter 345 Inc. v. Cuomo*, No. 11 CIV. 1319, 2011 WL 1795824, at *2–3 (S.D.N.Y. May 3, 2011) (Sullivan), *aff'd*, 663 F.3d 59 (2d Cir. 2011). Because Plaintiff has failed to

demonstrate that he would suffer an irreparable harm from the sale of his property, issuance of a Temporary Restraining Order would be inappropriate.

For the foregoing reasons, Plaintiff's request for an order to show cause why a Temporary Restraining Order should not issue is DENIED.

**SO ORDERED**

Dated: Brooklyn, New York
      May 10, 2013

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge